UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OWEN RICKER, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 5:22-cv-3829 |
| : | |
| ALEJANDRO MAYORKAS, : | |
| *SECRETARY, U.S. DEPARTMENT OF* : | |
| *HOMELAND SECURITY*, : | |
|     Defendant. : | |

**O P I N I O N**

Motion to Dismiss, ECF No. 9 – Granted

**Joseph F. Leeson, Jr.**                                                                              **April 18, 2023**
**United States District Judge**

    **I.**      **INTRODUCTION**

    Plaintiff Owen Ricker, proceeding *pro se*, filed this lawsuit against Defendant Alejandro Mayorkas in his capacity as Secretary of the United States Department of Homeland Security ("DHS"), alleging disability discrimination, retaliation, and failure to accommodate his disability in violation of the Rehabilitation Act of 1973 (codified at 29 U.S.C. § 701 et seq.). *See* Compl., ECF No. 1, ¶¶ 1, 39-47, 48-56, 57-61. Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(1), or in the alternative 12(b)(6), arguing that the Court lacks subject matter jurisdiction, or that Ricker failed to state a claim, due to the Rehabilitation Act's inapplicability to TSA screeners. *See* Resp., ECF No. 9, at. 2-3. For the forgoing reasons, this Court grants Defendant's Motion.

II.     BACKGROUND

Ricker was a Transportation Security Officer, or "screener," for the Transportation Security Administration ("TSA") at the Philadelphia International Airport from around January 11, 2015, to October 7, 2016, the date of his termination.  *See* Compl. ¶¶ 13, 36.  TSA is an agency of DHS, which is officially led by Defendant.

On September 26, 2022, Ricker filed a Complaint against Defendant pursuant to the Rehabilitation Act for (1) disability discrimination, (2) retaliation, and (3) failure to accommodate Ricker's disability.  *See* Compl. ¶¶ 1, 39-47, 48-56, 57-61.  In the Complaint, Ricker alleges that, on or around August 22, 2016, he requested a reasonable accommodation because of his qualified disability—autism.  Compl. ¶ 29, Ex. A p. 2.  Specifically, Ricker requested that his scheduled breaks, which had been inconsistent, occur within 30 minutes of their scheduled time.  Compl. ¶ 29.  Defendant denied Plaintiff's request without engaging in an interactive process to accommodate Plaintiff's disability.  Compl. ¶¶ 59-60.  Further, Ricker alleges that he was treated with hostility and harassed by his supervisor and co-workers due to his disability, who mocked him for requesting scheduling accommodations, among other things.  Compl. ¶¶ 39-47.  Additionally, Ricker's supervisor allegedly held Ricker to a different standard than his co-workers and stripped Ricker of duties or forced him to complete additional trainings due to his disability.  Compl. ¶¶ 17-21, 39-47.  Ricker reported his supervisor for harassment, and as a result, some of Ricker's duties were removed and he was transferred to a different location of the airport.  Compl. ¶¶ 33-35.  Shortly thereafter, Ricker's employment was terminated. Compl. ¶ 36.

Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction, or that Ricker failed to state a claim, due to the

Rehabilitation Act's inapplicability to TSA screeners. *See* Resp. at 2-3. Alternatively, Defendant argues that Ricker failed to exhaust administrative remedies. *See id*. at 9. Ricker did not file a response to the Motion.

### III.     STANDARD OF REVIEW

#### A. Motion to Dismiss under Rule 12(b)(1) – Review of Applicable Law

"[T]here are two types of Rule 12(b)(1) motions: those that attack the complaint on its face and those that attack subject matter jurisdiction as a matter of fact." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)). "[A] court must first determine whether the movant presents a facial or factual attack" because the distinction determines the standard of review. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska*, 462 F.3d at 302 n.3). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted).

#### B. Motion to Dismiss under Rule 12(b)(6) – Review of Applicable Law

In rendering a decision on a Rule 12(b)(6) motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the

plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Moreover, "however inartfully pleaded," complaints by *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal marks and citation omitted).

    IV.    **ANALYSIS**

        **A. Rule 12(b)(1)**

Since this is a facial attack on the Complaint and the facts are uncontroverted by Defendant, the Court accepts all factual allegations in the Complaint as true for purposes of reviewing the motion to dismiss under Rule 12(b)(1). Nevertheless, the Complaint cannot survive.

In the aftermath of 9/11, the Aviation and Transportation Security Act of 2001 ("ATSA"), which created the Transportation Security Administration ("TSA"), was enacted to ensure safety and security for civil air travel in the United States. *See* Pub. L. No. 107-71, 115 Stat. 597 (2001) (codified in various sections of 49 U.S.C.). As a result, the ATSA provides various hiring and employment standards for TSA screening personnel which invariably leave

significant authority to the TSA Administrator over screeners' employment.  *See* 49 U.S.C. § 44935(e)-(f).  For example, the ATSA requires that TSA screeners "possess basic aptitudes and physical abilities, including color perception, visual and aural acuity, physical coordination, and motor skills," among other qualifications.  *See id*. § 44935(f)(1)(A)-(D).

Importantly, when setting out the standards for TSA screeners, the ATSA specifies that these standards apply "notwithstanding any provision of law[.]"  *See id*. §§ 44935(e)(2)(A), (f)(1).  In other contexts, the Supreme Court and Third Circuit have recognized that use of a "notwithstanding" clause indicates Congress' intent to override conflicting statutory provisions.  *See Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993) (applying this principle of statutory interpretation to the interpretation of a contract) (citing *Shomberg v. United States*, 348 U.S. 540, 547-48 (1955)).  *See also N.J. Air Nat'l Guard v. FLRA*, 677 F.2d 276, 283 (3d Cir. 1982) (explaining that the statute at issue "explicitly provides that its terms apply 'Notwithstanding any other provision of law …[,]'" and because "[a] clearer statement is difficult to imagine[, the statute] must be read to override any conflicting provision of law in existence at the time" it was enacted).  Consequently, the Third Circuit has held that "these [ATSA] provisions evidence Congress' intent to preclude suits by TSA employees under the Rehabilitation Act[.]"  *Coleman v. Sec'y U.S. Dep't of Homeland Sec*., 649 Fed. Appx. 128-29, 130 n.2 (3d Cir. 2016) (holding that "any claim under the Rehabilitation Act fails as the ATSA precludes [transportation security officers] from bringing claims under that Act against the TSA") (citing 49 U.S.C. § 44935; *Field v. Napolitano*, 663 F.3d 505, 512 (1st Cir. 2011)).

Other circuits have likewise held that the plain language of the ATSA precludes TSA screeners from suing under certain Title V provisions, including the Rehabilitation Act.  *See, e.g., Field*, 663 F.3d at 511-14 (collecting cases) (describing the legislative history of the

ATSA); *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011), *cert. denied*, 565 U.S. 898 (2011) ("We now join every other circuit to have considered the question and conclude that the plain language of the ATSA preempts application of the Rehabilitation Act to security screeners."); *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1337 (11th Cir. 2006) ("The plain language of the ATSA indicates that TSA need not take the requirements of the Rehabilitation Act into account when formulating hiring standards for screeners."); *Conyers v. Merit Sys. Prot. Bd.*, 388 F.3d 1380, 1382-83 (Fed. Cir. 2004), *cert. denied*, 543 U.S. 1171 (2005) ("The language 'notwithstanding any other provision of law' signals that this screener-specific provision is to override more general conflicting statutory provisions to the extent that they would apply to screeners. . . . [Therefore] the ATSA exempts TSA from laws that otherwise would apply to screener positions."); *Conyers v. Rossides*, 558 F.3d 137, 148 (2d Cir. 2009) (holding that "the [TSA] Administrator's decision not to utilize the [Federal Aviation Administration]'s personnel management system in deciding whom to 'employ' or 'appoint' as a security screener" was not reviewable under the Administrative Protection Act because of the broad discretion granted to the TSA Administrator under the ATSA); *Kaswatuka v. U.S. Dep't of Homeland Sec.*, 7 F.4th 327, 330 (5th Cir. 2021) (holding that the plaintiff's Rehabilitation Act claim was precluded by the ATSA).

Therefore, the Court must dismiss Ricker's claims for lack of subject matter jurisdiction because all claims are brought under the Rehabilitation Act. As a former TSA screener, Ricker's claims are precluded under the ATSA. This holding is consistent with the plain language of the ATSA and the reasoned approach of courts in this jurisdiction and beyond.

**B. Rule 12(b)(6)**

Although the Court need not conduct another full analysis, the Court would also dismiss Ricker's Rehabilitation Act claims pursuant to Rule 12(b)(6). Even accepting all of Ricker's factual allegations as true, as a matter of law Ricker cannot state a claim under the Rehabilitation Act for the same reasons articulated above.[1]

**V.  CONCLUSION**

Ricker cannot bring an action under the Rehabilitation Act against Defendant. Therefore, the Court grants Defendant's Motion to Dismiss, and Ricker's Complaint is dismissed with prejudice.[2]  A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] Because the Motion is resolved on the basis of the Rehabilitation Act's inapplicability, the Court need not address Defendant's exhaustion argument.

[2] The Court dismisses Ricker's claims with prejudice because it is apparent from the reasons articulated above that Rehabilitation Act claims by TSA screeners are precluded under the ATSA as a matter of law. No amount of repleading can change that. Thus, any attempt to amend the Complaint to state a claim under the Rehabilitation Act would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that a court should grant a plaintiff leave to amend a deficient complaint in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment).